IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

HENRY COOPER                                                                      PLAINTIFF

v.                                 Civil No. 1:23-cv-01053

LEROY MARTIN                                                   DEFENDANTS

**ORDER**

Plaintiff, Henry Cooper, submitted this 42 U.S.C. § 1983 action *pro se*, on June 9, 2023, in the Eastern District of Arkansas. (ECF No. 1). The Eastern District Court transferred it to this Court on June 14, 2023. (ECF No. 3). Currently before the Court is Plaintiff's failure to comply with Orders of the Court and failure to prosecute this matter.

On June 16, 2023, the Court entered an order directing Plaintiff to file an application to proceed *in forma paupris* ("IFP") because he failed to do so with his Complaint. (ECF No. 6). The Court directed Plaintiff to respond with the completed IFP Application or the full filing fee by July 7, 2023. (ECF No. 6). Also on June 16, 2023, the Court entered an order directing Plaintiff to file an amended complaint by July 7, 2023. (ECF No. 7). These Orders were not returned as undeliverable mail. Plaintiff has not responded to either Order.

On July 12, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to both June 16, 2023 Orders. (ECF No. 8). Plaintiff was directed to show cause by August 2, 2023. (ECF No. 8). The Show Cause Order was not returned as undeliverable, and Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has wholly failed to prosecute this case. He has never communicated with this Court, and he failed to comply with the Court's Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of August, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
